C.L. Gravett, III  SBN 132566
GRAVETT ♦ KENT, LLP
1125 Jefferson Street
Napa, CA 94559
Tel: 707-258-1030
Fax: 707-257-6134

UNITED STATES BANKRUPTCY COURT FOR
THE NORTHERN DISTRICT OF CALIFORNIA
SANTA ROSA DIVISION

In re:  ) Bk. No. 12-13300
)
MANUEL DALOMBA GOMES and ) Chapter 12
)
ROSA GIBAU GOMES, )
) DEBTORS' PLAN OF REORGANIZATION
Debtors. )

## PRELIMINARY STATEMENT

Manuel Dalomba Gomes and Rosa Gibau Gomes (collectively, the "Debtors") propose this plan of reorganization (the "Plan") pursuant to the provisions of Chapter 12 of the Bankruptcy Code.

This Plan sets forth the Debtors' proposal for the satisfaction of certain Allowed Claims against the Debtors. The Debtors hereby request that the Bankruptcy Court confirm the Plan.

## ARTICLE I

## DEFINITIONS

As used in the Plan, the following terms shall have the respective meanings specified below:

1

"Administrative Claim" means a Claim for any cost or expense of administration of a kind specified in Section 503(b) of the Bankruptcy Code, including any actual and necessary costs and expenses of preserving the Bankruptcy Estate incurred on or after the Petition Date and through and including the Confirmation Date, any cure amounts that must be paid in connection with the assumption of any executory contract or unexpired lease of the Debtors under Section 365 of the Bankruptcy Code, fees due to the United States Trustee pursuant to 28 U.S.C. § 1930(a)(6), and compensation for legal or other services and reimbursement of expenses allowed by the Bankruptcy Court under Sections 330 and 331 of the Bankruptcy Code or otherwise.

"Administrative Claims Bar Date" means that date which is thirty (30) days following the date of the notice of the Confirmation Date.

"Allowed" or "Allowed Amount" means the amount in which any Claim or Interest is allowed. Unless otherwise expressly required by the Bankruptcy Code or the Plan, the Allowed Amount of any Claim does not include interest on such Claim from or after the Petition Date.

"Allowed Administrative Claim" means all or any portion of an Administrative Claim that has either been Allowed by a Final Order or has not been objected to within the time period established by the Plan or by an order of the Bankruptcy Court.

"Allowed Claim" means a Claim (a) in respect to which a proof of Claim has been filed with the Bankruptcy Court by the applicable Claims Bar Date and to which no objection has been filed within the time fixed by the Plan or the Bankruptcy Court; (b) as to which no proof of Claim has been filed and which has been listed on Schedule D, E or F of the Debtors' Schedules and is not listed as disputed, contingent, unliquidated or unknown as to amount, and to which no objection has been filed within the time fixed by the Plan or the Bankruptcy Court; or (c) which is Allowed by a Final Order. No Claim shall be considered an Allowed Claim if (1) an objection to the allowance thereof is interposed by a party in interest within the time fixed by the Plan or the Bankruptcy Court, and such objection has not been overruled by a Final Order, or (2) the Claim has already been satisfied.

"Allowed Unsecured Claim" means any Allowed Claim that is not an Allowed Secured Claim, including the unsecured Claims of undersecured Creditors, but excluding Administrative

Case: 12-13300  Doc# 8  Filed: 12/27/12  Entered: 12/27/12 15:18:51  Page 2 of 18

Claims, Priority Claims and Tax Claims.

"Available Cash" means any and all cash and cash equivalents owned or held by the Reorganized Debtors available for payment of Claims.

"Avoidance Actions" means causes of action of the Debtors under Chapter 5 of the Bankruptcy Code.

"Bankruptcy Case" means the bankruptcy case commenced by the Debtors filing with the Bankruptcy Court their Voluntary Petition under Chapter 12 of the Bankruptcy Code.

"Bankruptcy Code" means Title 11, United States Code, § 101, et seq. as in effect and applicable to the Case.

"Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of California or such other court exercising jurisdiction over the Case.

"Bankruptcy Estate(s)" means the estate(s) created by the commencement of the Bankruptcy Case(s) and comprised of the property described in Section 541 of the Bankruptcy Code.

"Bankruptcy Rules" means the Federal Rules of Bankruptcy Procedure promulgated under 28 U.S.C. § 2075, as amended, as applicable to the Bankruptcy Case.

"Claim" means any (A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

"Claims Bar Date" means a date to be determined by the Court per its Notice of Chapter 12 Bankruptcy filing as well as any governmental unit claims bar date.

"Claims Objection Date" means the date ninety (90) days after the Effective Date of the Plan; provided, however, that the Claims Objection Date may be extended by the Bankruptcy Court for cause upon the *ex parte* motion of the Reorganized Debtors.

"Confirmation" means the entry by the Bankruptcy Court of the Order of Confirmation.

Case: 12-13300   Doc# 8   Filed: 12/27/12   Entered: 12/27/12 15:18:51   Page 3 of 18

"Confirmation Date" means the date on which the Bankruptcy Court enters the Order of Confirmation.

"Confirmation Hearing" means the hearing held by the Bankruptcy Court on confirmation of the Plan as required by Section 1224 of the Bankruptcy Code.

"Creditor" means any entity holding a Claim against the Debtors.

"Debtors" collectively means Manuel Dalomba Gomes and Rosa Gibau Gomes, the debtors as captioned above.

"Debtors' Professionals" means, Gravett Kent, LLP, and/or their respective successors, if any; and such other professionals whose employment by the Debtors prior to Confirmation is approved by order of the Bankruptcy Court, if any; and following the Effective Date of the Plan, any professionals engaged by the post-confirmation Debtors to represent or assist them in fulfilling their duties and obligations as the post-confirmation Debtors under the Plan, including such accountant(s) as the post-confirmations Debtors may select to complete the Debtors' tax returns and other required filings with governmental authorities having jurisdiction over the post-confirmation Debtors and such legal professionals as might be appropriate to assist in administering the Plan, the Bankruptcy Cases and the Bankruptcy Estates.

"Disputed Claim" means a Claim against the Debtors (a) as to which a proof of Claim has not been filed and that has been listed in the Debtors' Schedules as disputed, contingent or unliquidated, or; (b) as to which an objection or adversary proceeding has been filed within the time fixed by the Bankruptcy Court and which objection or adversary proceeding has not been withdrawn or disposed of by a Final Order.

"Distribution" means, as the context requires: (a) the cash to be provided under the Plan to the holders of Allowed Claims; or (b) the payment, transfer, delivery or deposit of cash to Creditors pursuant to the Plan.

"Distribution Date" means any date on which a Distribution is made pursuant to the Plan.

"Effective Date of the Plan" means the first (1st) day of the month following the Confirmation Date.

Case: 12-13300   Doc# 8   Filed: 12/27/12   Entered: 12/27/12 15:18:51   Page 4 of 18

"Final Order" means an order entered on the docket by the Bankruptcy Court as to which no timely filed notice of appeal is pending within fourteen (14) days entry of such order; or, if such appeal is pending, for which no stay pending has been issued.

"Initial Payment Date" means the first (1st) day of the month following the Effective Date of the Plan. The day the Debtor's first payment is due.

"Local Rules" means the Local Rules of the United States Bankruptcy Court for the Northern District of California, as amended, as applicable to this Bankruptcy Case.

"Order of Confirmation" or "Confirmation Order" means the order entered by the Bankruptcy Court approving and confirming the Plan in accordance with the provisions of Chapter 12 of the Bankruptcy Code.

"Person" shall have the meaning ascribed to it in the Bankruptcy Code.

"Petition Date" means, the date on which the Debtors filed their Voluntary Petition under Chapter 12 initiating the Bankruptcy Case and on which date relief was ordered in the Bankruptcy Case.

"Plan" means this Debtor's PLAN OF REORGANIZATION, including any modification(s) hereof and/or amendment(s) hereto that comply with Sections 1223 and/or 1229 of the Bankruptcy Code and Bankruptcy Rule 3019.

"Priority Claim" means any Allowed Claim entitled to priority pursuant to Section 507(a) of the Bankruptcy Code, but not including an Administrative Claim or a Tax Claim.

"*Pro Rata*" means, with respect to any Distributions to be made to the holder of an Allowed Claim, the proportion that such Allowed Claim bears to the aggregate of all outstanding Allowed Claims in the same Class.

"Reorganized Debtors" means the Debtors on and after the Effective Date of the Plan.

"Retained Claims" means any Claim, or cause of action created by contract, tort, equity, or statute, owned or held by the Debtors against any Person as of the Effective Date of the Plan, including Avoidance Actions and those Retained Claims referred to in Article X.

Case: 12-13300    Doc# 8    Filed: 12/27/12    Entered: 12/27/12 15:18:51    Page 5 of 18

"Schedules" means the Debtors' respective schedules of assets and liabilities consisting of Schedules "A" through "J" filed with the Bankruptcy Court pursuant to Section 521(a)(1) of the Bankruptcy Code and Bankruptcy Rule 1007(b), as may be amended at anytime prior to Distribution.

"Secured Claim" means a Claim secured by a lien, security interest, or other charge against or interest in property in which the Debtors have an interest or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value (as specified in the Plan, or if no value is specified, as determined in accordance with Section 506(a) of the Bankruptcy Code) of the interest of a holder of such Allowed Claim in the Debtors' interest in such property or to the extent of the amount subject to such setoff, as the case may be.

"Tax Claim" means any Allowed Claim against the Debtors entitled to priority pursuant to Section 507(a)(8) of the Bankruptcy Code.

"Term" means the length of time the plan shall take for completion.

"Trustee" means David Burchard, or any successor standing Chapter 12 Trustee duly appointed.

A term used in the Plan that is not herein defined but is defined in the Bankruptcy Code or the Bankruptcy Rules shall have the meaning assigned to such term in the Bankruptcy Code or the Bankruptcy Rules.

## ARTICLE II

## DESIGNATION OF CLASSES OF CLAIMS AND INTERESTS

The Allowed Claims against the Debtors are designated and classified below for purposes of the Plan. Except to the extent that the Plan provides otherwise, a Claim that is properly includable in more than one class is classified in a particular class only to the extent that it qualifies within the description of that class, and is placed in a different class to the extent it qualifies within the description of such different class.

2.1 **Class 1 (Secured Claim of Saratoga Bankcorp, Bruce Baum and Nadine Endo).** Class 1 consists of the Allowed Claim of Saratoga Bankcorp, Bruce Baum and Nadine

Case: 12-13300    Doc# 8    Filed: 12/27/12    Entered: 12/27/12 15:18:51    Page 6 of 18

Endo, or its assignee, to the extent that such Claim constitutes an Allowed Secured Claim on that certain real property commonly known as 361 Lake Street, Clearlake Oaks, CA.

2.2 **Class 2 (Secured Claim of Bank of America).** Class 2 consists of the Allowed Claim of Bank of America, or its assignee, to the extent that such Claim constitutes an Allowed Secured Claim on that certain property described as "2004 Nissan Titan".

2.3 **Class 3 (Secured Priority Claim of Internal Revenue Service).** Class 3 consists of the Allowed Priority Tax Claim of Internal Revenue Service to the extent that such Claim constitutes an Allowed Secured Tax Lien Claim secured by real estate, motor vehicles and all of debtor's rights, title, and interest to property.

2.4 **Class 4 (Secured Non-Priority Claim of Internal Revenue Service).** Class 4 consists of the Allowed Non-Priority Claim of Internal Revenue Service to the extent that such Claim constitutes an Allowed Secured Tax Claim.

2.5 **Class 5 (Unsecured Priority Claim of Franchise Tax Board).** Class 5 consists of the Allowed Priority Tax Claim of Franchise Tax Board, to the extent that such Tax Claim constitutes an Allowed Unsecured Tax Claim

2.6 **Class 6 (Unsecured Non-Priority Claim of Franchise Tax Board).** Class 6 consists of the Allowed Non-Priority Tax Claim of Franchise Tax Board, to the extent that such Claim constitutes an Allowed Unsecured Tax Claim.

2.7 **Class 7 (Unsecured Claim of Gustavo Rodrigues and Manuel Lomba)** Class 7 consist of the Allowed Unsecured Claim of Guztavo Rodgigues and Manuel Lomba, or their assignee, to the extent that such claim constitutes an Allowed Unsecured Claim.

2.8 **Class 8 (General Unsecured Claims).** Class 8 consists of all Allowed Unsecured Claims against the Debtors not included or provided for in any other class, including all undersecured Claims, all unsecured Claims of vendors and trade creditors for goods delivered or services provided to the Debtors prior to the Petition Date, but excluding Administrative Claims.

# ARTICLE III

## CLASSES OF CLAIMS NOT IMPAIRED UNDER THE PLAN

The following classes of Claims are not impaired under the Plan for the reasons hereinafter set forth:

3.1 **Class 1 (Secured Claim of Saratoga Bankcorp, Bruce Baum/Nadine Endo).** Except to the extent that the holder of the Class 1 Claim has agreed to a different treatment of such Claim, the holder of the Allowed Class 1 Claim shall be paid directly by the Debtors in the ordinary course of business, and in accord with the terms and conditions of the parties' contract. The holder of the Allowed Class 1 Secured Claim shall retain its lien on the subject collateral under non-bankruptcy law.

3.2 **Class 2 (Secured Claim of Bank of America).** Except to the extent that the holder of the Class 2 Claim has agreed to a different treatment of such Claim, the holder of the Allowed Class 2 Claim shall be paid directly by the Debtors in the ordinary course of business, and in accord with the terms and conditions of the parties' contract. The holder of the Allowed Class 2 Secured Claim shall retain its lien on the subject collateral under non-bankruptcy law.

3.3 **Class 3 (Secured Priority Tax Claim of Internal Revenue Service)** Except to the extent that the holder of the Class 3 Claim has agreed to a different treatment of such Claim, the holder of the Allowed Class 3 Claim shall be paid through the Chapter 12 Plan.

3.4 **Class 5 (Unsecured Priority Claim of Franchise Tax Board)** Except to the extent that the holder of the Class 5 Claim has agreed to a different treatment of such Claim, the holder of the Allowed Class 5 Claim shall be paid through the Chapter 12 Plan.

3.5 **Class 7 (Unsecured Claim of Gustavo Rodrigues and Manuel Lomba).** Except to the extent that the holder of the Class 7 Claim has agreed to a different treatment of such Claim, the holder of the Allowed Class 7 Claim shall be paid directly by the Debtors in the ordinary course of business, and in accord with the terms and conditions of the parties' contract.

# ARTICLE IV

## PLAN PAYMENTS AND MEANS FOR EXECUTION OF THE PLAN

4.1 **Payments and Vesting**. Commencing January 1, 2013 and on the 1st day of each month thereafter, the Debtors shall make payments to the Chapter 12 Trustee as describe in Exhibit A attached. The Debtors shall be revested with the assets of the estate on the Effective Date of the Plan subject to the terms of the Plan.

4.2 **Unclassified claims (expenses of administration).**

    4.2.1 **Trustee Fees**. Administrative expenses of the Chapter 12 Trustee allowed pursuant to Section 503(b) of the Code shall be paid from the Plan payments as indicated in paragraph 4.1. The Trustee shall receive a percentage of each payment received as established by the United States Trustee.

    4.2.2 **Debtors' Counsel Fees**. Debtors' Chapter 12 Attorney fees shall be paid from the Plan payments as indicated in paragraph 4.1. Fees and costs requested for allowance are as follows: Total Fees & Costs Requested, $15,000.00; fees and costs received, $5,000.00 balance of fees and costs due, $10,000.00; monthly payment of $200.00 per month for six months, and a final payment of $8,800.00 in the 7th month. Upon a pre-confirmation dismissal, all accrued pre-confirmation attorney fees and costs payments held by the Trustee shall be disbursed to the attorney.

# ARTICLE V

## TREATMENT OF UNCLASSIFIED CLAIMS

Unclassified Claims shall be treated as follows:

5.1 **Allowed Administrative Claims.** Except to the extent that the holder of a particular Administrative Claim has agreed to a different treatment of such Claim, each holder of an Allowed Administrative Claim shall be paid in cash, in full upon the later of (a) the Effective Date of the Plan, (b) if such Claim is initially a Disputed Claim, when it becomes an Allowed Administrative Claim, and (c) if such Claim is incurred after the Petition Date in the ordinary course of the Debtors' business by a person other than an insider, within such time as payment is due pursuant to the terms giving rise to such Claim. Any request for allowance of an

9

Administrative Claim pursuant to Section 503(a) of the Bankruptcy Code (including an estimation of expenses to be incurred after the Effective Date of the Plan), other than by the Debtor' Professionals, must be filed on or before the Administrative Claims Bar Date or the holder of such Claim shall be forever barred from asserting such Claim or receiving any payment on account of such Claim.

    5.2    **Tax Claim.** The holder of the Allowed Claim entitled to priority under 11 U.S.C. § 507(a)(8) **(Class 3 (Secured Priority Claim of Internal Revenue Service) and Class 5 (Unsecured Priority Claim of Franchise Tax Board))** will receive equal annual installments, commencing on the Effective Date of the Plan. The unpaid portion of any Allowed Tax Claim shall bear interest at the statutory rate. The Reorganized Debtors reserve the right to pay the Allowed Tax Claim in full at any time after the Effective Date of the Plan.

## ARTICLE VI
## TREATMENT OF CLASSES OF CLAIMS AND INTERESTS
## THAT ARE IMPAIRED UNDER THE PLAN

    6.1    **Class 4 (Secured Non-Priority Claim of Internal Revenue Service).** The holder of the Allowed Class 4 Secured Non-Priority Claim shall retain its lien on the subject real property in the amount fixed by the Court as the value of such real property pursuant to the provisions of Section 506 of the Bankruptcy Code. The tax liabilities listed as Class 4 are those tax years where returns were filed and assessed more than three years prior to this bankruptcy filing. At the completion of the Chapter 12 Plan the debt of the Secured Non-Priority Claim of the Internal Revenue Service will be discharged. In the event that there is a default in payment of this Chapter 12 Plan, which default is not cured within thirty (30) days written notice to the Debtors, the Class 4 Claimant shall be permitted to exercise all of its enforcement rights.

    6.2    **Class 6 (Unsecured Non-Priority Claim of Franchise Tax Board).** The holder of the Allowed Class 6 Unsecured Non-Priority Claim shall be discharged at the completion of the Chapter 12 Plan. The tax liabilities listed as Class 6 are for those tax years where returns were filed and assessed more than three years prior to this bankruptcy filing. In the event that there is a default in payment of this Chapter 12 Plan, which default is not cured within thirty (30)

Case: 12-13300   Doc# 8   Filed: 12/27/12   Entered: 12/27/12 15:18:51   Page 10 of 18

days written notice to the Debtors, the Class 6 claimant shall be permitted to exercise all of its enforcement rights.

6.3 **Class 8 (General Unsecured Claims).** Class 8 Allowed general unsecured Claims shall be paid a *pro rata* Distribution from the Debtors' projected disposable income. Dividends shall be payable annually as funds are received by the trustee.

## ARTICLE VII

## MEANS FOR IMPLEMENTATION OF THE PLAN

7.1 **Post-Confirmation Management.** After Confirmation, the Reorganized Debtors shall be free to operate their farming operations without further supervision or control by the Bankruptcy Court and free of any restrictions imposed by the Bankruptcy Code except as provided in the Plan or by an order of the Bankruptcy Court. Specifically and without limitation, the Reorganized Debtors may sell, lease, or refinance their property without further Order of Court.

7.2 **De Minimis Distributions.** Notwithstanding any other provision of the Plan, Distributions of less than $100.00 need not be made on account of any Allowed Claim; provided that Distributions that would otherwise be made but for this provision shall carry over until the next Distribution Date until the cumulative amount to which any holder of an Allowed Claim is entitled to more than $100.00, at which time the cumulative amount of such Distributions will be paid to such holder.

7.3 **Unclaimed Distributions.** Any cash Distributions that remain unclaimed or unnegotiated for ninety (90) days following Distribution or are returned for reasons other than the absence of a current or correct address (unless a current or correct address cannot be determined after reasonable inquiry) shall become the property of the Reorganized Debtors.

7.4 **Prosecution of Retained Claims.** The Reorganized Debtors shall retain the right to collect and prosecute all of the Retained Claims.

7.5 **Revesting of Property of the Estate.** Subject to the provisions of Article X of the Plan, on the Effective Date of the Plan, all property of the Debtors and the Bankruptcy Estate

11

shall vest in the Reorganized Debtors, free and clear of any and all liens (except for Allowed Secured Claims),encumbrances, and Claims of Creditors.

7.6 **Tax Returns and Payments.** The Reorganized Debtors shall file or cause to be filed any and all delinquent and final tax returns and pay any and all taxes owed by the Debtors and the Reorganized Debtors on a timely basis (other than Tax Claims provided for under the Plan). Copies of all filed returns shall be provided to Trustee within 30 days of filing.

7.7 **Further Orders.** Upon motion by the Debtors, on not less than ten (10) days' notice to the Notice Parties, the Bankruptcy Court may enter such other and further Orders as may be necessary or appropriate to facilitate consummation of the Plan.

7.8 **Post-Confirmation Expenses.** From the Effective Date of the Plan, the Reorganized Debtors may incur and pay expenses in the ordinary course of business, including the compensation and reimbursement of the Debtors' Professionals for post-confirmation services. Compensation and reimbursement of the Debtors' Professionals for pre-confirmation services shall remain subject to authorization by the Bankruptcy Court, after notice and hearing, pursuant to Bankruptcy Code Section 330.

7.9 **Post-Confirmation Notice.**

7.9.1 **Notice Procedure.** Whenever the Plan requires the Reorganized Debtors to comply with the Notice Procedure (in such circumstance, the "Notifying Party"), the Notifying Party shall transmit a written notice to the Notice Parties (each, a "Notice Recipient") of the proposed action. The Notifying Party shall be authorized to take any action proposed to be taken in such notice fifteen (15) days after delivery of such notice unless before the expiration of such 15-day period a Notice Recipient has filed an objection to such proposed action with the Bankruptcy Court and scheduled a hearing on such objection with thirty (30) days after filing of such objection and upon not less than twenty (20) days notice to all Notice Parties. If any such objection is filed, the Notifying Party will not take the proposed action unless the Court approves such action or the objecting party withdraws the objection.

12

Case: 12-13300   Doc# 8   Filed: 12/27/12   Entered: 12/27/12 15:18:51   Page 12 of 18

# ARTICLE VIII

## PROOFS OF CLAIM; OBJECTIONS

8.1     **Time for Filing Proofs of Claim.** Proofs of Claim, when required, shall be filed with the Bankruptcy Court no later than the applicable Claims Bar Date, or such Claims shall be conclusively deemed barred and disallowed.

8.2     **Evidence of Claim.** For purposes of any Distribution under the Plan, the Trustee shall have no obligation to recognize any transfer of Claims occurring on or after the first Distribution Date. The Reorganized Debtors, the Trustee, and their professionals shall be entitled to recognize and deal for all purposes with only those Creditors of record with the Bankruptcy Court as of the first Distribution Date.

8.3     **Amendments to Claims.** Except as provided by the Plan or as otherwise permitted by the Bankruptcy Court, the Bankruptcy Rules or applicable law, upon expiration of the applicable bar date, proofs of Claim may not be filed or amended except for amendments to proofs of Claim to decrease the amount or priority thereof.

8.4     **Claim Objections.** An objection to a Claim shall be filed no later than the Claims Objection Date. The Reorganized Debtors shall have the responsibility to review Claims filed against the Debtors, to file objections as appropriate, and to resolve Disputed Claims.

# ARTICLE IX

## DEFAULT

If the Reorganized Debtors shall default in the performance of any of their respective obligations under the Plan, and shall not have cured such default within a period of thirty (30) days after receipt of written notice of default from any party in interest affected by the alleged default, then such party in interest may file a motion with the Bankruptcy Court seeking an order directing the Reorganized Debtors to perform such obligations. If the Reorganized Debtors default in the performance of any material obligation under the Plan, any party in interest, including the Office of the United States Trustee, may file a motion with the Bankruptcy Court seeking an order dismissing the Bankruptcy Case. Any party in interest, including the Reorganized Debtors, may oppose any such motion.

Case: 12-13300   Doc# 8   Filed: 12/27/12   Entered: 12/27/12 15:18:51   Page 13 of 18

# ARTICLE X

## PRESERVATION OF RETAINED CLAIMS

Confirmation of the Plan effects no settlement, compromise, waiver or release of any Retained Claim unless the Plan or Order of Confirmation specifically and unambiguously so provides. The failure of the Plan to refer to any particular Retained Claim is not and shall not be construed as a settlement, compromise, waiver, or release of any such Retained Claim. All Retained Claims are hereby preserved and shall continue to remain valid after the Effective Date of the Plan. Without limiting the generality of the foregoing, the Retained Claims include any and all claims held by the Reorganized Debtors against any party holding a Secured Claim pursuant to the provisions of Bankruptcy Code Section 506. The Debtors further reserve the right to object to any filed or scheduled Claim. The entry of the Order of Confirmation shall not constitute *res judicata* or otherwise bar, estop or inhibit any actions by the Reorganized Debtors upon any Retained Claims.

# ARTICLE XI

## RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction of the Bankruptcy Case (a) to enforce the provisions, purposes, and intent of the Plan, including matters or proceedings that relate to the Purchase Transaction; (b) to determine the allowance or disallowance of Claims, (c) to hear and determine proceedings initiated before or after the Confirmation Date and the Effective Date of the Plan regarding the prosecution of the Retained Claims or any other rights, Claims, causes of action or claims for relief held by the Reorganized Debtors against any party, including the recovery of property and subordination of Claims, (d) to fix and approve allowance of compensation and other Administrative Claims, including, if appropriate, payments to be made in connection with the Plan, (e) to adjudicate controversies arising from the terms of the Plan, (f) to hear and determine any proposed modifications of or amendments to the Plan to the extent permitted by Sections 1223 and/or 1229 of the Bankruptcy Code and Bankruptcy Rule 3019, (g) to enforce or interpret the provisions of the Plan, the Order of Confirmation or any order entered by the Bankruptcy Court in the Bankruptcy Case, (h) to facilitate the consummation of the Plan,

(i) to consider such other matters as may be set forth in the Plan or the Order of Confirmation, (j) to hear and determine any Claim of any Persons of any nature whatsoever against the Debtor's professionals arising in or related to the Case, and (k) to enter a Final Decree closing the Bankruptcy Case. The Bankruptcy Case may be reopened at any time to facilitate the provisions of this Article, including, without limitation, to move for this Court's entry of a Final Decree after the Reorganized Debtors have substantially consummated the Plan.

## ARTICLE XII
## EFFECT OF ORDER OF CONFIRMATION

As of the Confirmation Date, the effect of the Order of Confirmation shall be as provided in Section 1227 of the Bankruptcy Code, and as follows:

12.1 **Binding Effect of Plan.** The provisions of the confirmed Plan shall bind the Debtors, the Reorganized Debtors, any entity acquiring property under or otherwise accepting the benefits of the Plan, and every Creditor, whether or not such Creditor has filed a proof of Claim in the Bankruptcy Case, whether or not the Claim of such Creditor is impaired under the Plan, and whether or not such Creditor has accepted or rejected the Plan.

12.2 **Grant of Discharge.** The Reorganized Debtors shall be entitled to entry of their discharge only after all payments have been made under the Plan. The Debtors' discharge shall serve as a discharge of any and all debts of the Debtors that arose at any time before Confirmation. The discharge shall be effective as to each Claim regardless of whether a proof of Claim therefore was filed, whether the Claim is an Allowed Claim, or whether the holder thereof votes to accept this Plan. Notwithstanding the delay in the Debtors' entry of discharge, the Confirmation Order shall be deemed to be a Final Order disallowing any Claim not filed as of the Effective Date of the Plan.

12.3 **Effect of Confirmation.** Notwithstanding that the Reorganized Debtors shall be entitled to entry of their discharge only after all payments have been made under the Plan, the Confirmation Order shall operate as an injunction against the commencement or continuation of any action to collect, recover, or offset either any discharged debt from the Debtors, the

Reorganized Debtors, or their Estate or any property of the Debtors, the Reorganized Debtors, or their Estate, except as otherwise permitted by this Plan, the Bankruptcy Code, or order of the Court.

12.4 **Full Satisfaction of Claims.** Except as otherwise provided in the Plan and the Order of Confirmation, the rights afforded in the Plan shall constitute full and complete satisfaction and release of all Claims, including any interest accrued thereon from and after the Petition Date, against the Debtors, the Reorganized Debtors, the Estate, or any assets or property of the Debtors, the Reorganized Debtors and the Estate. Except with respect to Administrative Claims and Claims described in Bankruptcy Rule 3002(c)(3), the Confirmation Order shall be deemed to be a Final Order disallowing any Claim not filed as of the Effective Date of the Plan.

12.5 **Reservation of Powers.** Nothing in the Plan shall be deemed to have constituted a waiver of the any powers held by the Debtors as Debtors-in-possession under the Bankruptcy Code, the Bankruptcy Rules or the Local Rules. The Reorganized Debtors shall retain all powers granted by the Bankruptcy Code, the Bankruptcy Rules and the Local Rules to a trustee or debtor-in-possession, including those with respect to recovery of property and objections to, and/or subordination of, Claims.

## ARTICLE XIII

## MISCELLANEOUS

13.1 **Plan Interpretation.** The headings contained in the Plan are for convenience of reference only and shall not limit or otherwise affect in any way the meaning or interpretation of the Plan. All references in the Plan to the singular shall be construed to include references to the plural and vice versa. All references in the Plan to any one of the masculine, feminine or neuter genders shall be deemed to include references to both other such genders. All exhibits attached to the Plan are, by this reference, hereby incorporated into the Plan. All references in the Plan to a Section or an Article shall mean the appropriately numbered Section or Article of the Plan. Whenever the Plan uses the term "including," such reference shall be deemed to mean "including, but not limited to."

13.2     **Modification.** The Debtors may propose amendments to or modifications of the Plan under Section 1223 of the Bankruptcy Code and Bankruptcy Rule 3019 at any time prior to the conclusion of the hearing on Confirmation of the Plan. After the Confirmation Date, the Debtors may modify the Plan in accordance with Section 1229 of the Bankruptcy Code and Bankruptcy Rule 3019.

13.3     **Waiver.** After the Confirmation Date, except as otherwise specifically set forth in the Plan, any term of the Plan may be waived only by the party or parties entitled to the benefit of the term to be waived.

13.4     **Reservation of Rights.** Neither the filing of the Plan nor any statement or provision contained in the Plan, nor the taking by any party in interest of any action with respect to the Plan, shall (a) be or be deemed to be an admission against interest, and (b) until the Effective Date of the Plan, be or be deemed to be a waiver of any rights any party in interest may have (i) against any other party in interest, or (ii) in any of the assets of any other party in interest, and, until the Effective Date of the Plan, all such rights are specifically reserved. In the event that the Plan is not confirmed or fails to become effective, neither the Plan nor any statement contained in the Plan may be used or relied upon in any manner in any suit, action, proceeding or controversy within or without this Bankruptcy Case involving the Debtor, except with respect to Confirmation of the Plan.

DATED this 14th day of December, 2012

By: _____/s/_____
Manuel Dalomba Gomes

By: _____/s/_____
Rosa Gibau Gomes

# EXHIBIT "A"

Debtor's monthly income is derived from farming operations, Social Security benefits, and from child care in their home. Also debtor has an interest in an LLC that leases vineyard land and annually sells the grapes harvested from that land. The Debtors receive payments from the farming operations annually after the wine grape harvest which is generally made no later than February of the year following the harvest.

Debtor has just completed harvest operations. Debtor will fund payments under the Plan with net income from farming and harvest operations and income derived from Social Security benefits and child care in monthly payments with additional payments being made semi-annually.

Beginning January 1, 2013, Debtor will pay to trustee 50 installments of $500.00 per month and a lump sum payments in month 7 of $20,000.00, in month 12 of $45,200.00, in month 19 of $20,000.00, in month 24 of 45,200.00, in month 31 of $20,000.00, in month 36 of $45,200.00, in month 43 of $20,000.00, in month 48 of $45,200.00, in month 55 of $20,000.00 and a final lump sum payment of $45,200.00 in month 60, for a total of $351,000.00. The amounts to be paid under Class 8 (General Unsecured Claims) are estimated to be 4% percent of allowed claims. (Prorata Plan)

| Pymt # | Amount | Pymt # | Amount | Pymt # | Amount |
|---|---|---|---|---|---|
| 1 | 500 | 21 | 500 | 41 | 500 |
| 2 | 500 | 22 | 500 | 42 | 500 |
| 3 | 500 | 23 | 500 | 43 | 20000 |
| 4 | 500 | 24 | 45200 | 44 | 500 |
| 5 | 500 | 25 | 500 | 45 | 500 |
| 6 | 500 | 26 | 500 | 46 | 500 |
| 7 | 20000 | 27 | 500 | 47 | 500 |
| 8 | 500 | 28 | 500 | 48 | 45200 |
| 9 | 500 | 29 | 500 | 49 | 500 |
| 10 | 500 | 30 | 500 | 50 | 500 |
| 11 | 500 | 31 | 20000 | 51 | 500 |
| 12 | 45200 | 32 | 500 | 52 | 500 |
| 13 | 500 | 33 | 500 | 53 | 500 |
| 14 | 500 | 34 | 500 | 54 | 500 |
| 15 | 500 | 35 | 500 | 55 | 20000 |
| 16 | 500 | 36 | 45200 | 56 | 500 |
| 17 | 500 | 37 | 500 | 57 | 500 |
| 18 | 500 | 38 | 500 | 58 | 500 |
| 19 | 20000 | 39 | 500 | 59 | 500 |
| 20 | 500 | 40 | 500 | 60 | 45200 |